FILED

August 5, 1998

Cecil W. Crowson
Appellate Court Clerk

MICHAEL G. BINKLEY and wife,                )
MARTHA Y. BINKLEY, and ROBERT               )
A. JONES, SR., and wife, MARY EVELYN        )
JONES, and CHARLES H. CATHEY and            )
wife, MARY JUNE CATHEY,                     )
                                            )   Humphreys Chancery
       Plaintiffs/Appellees,                )   No. 24-001
                                            )
VS.                                         )
                                            )   Appeal No.
RODNEY TREVOR MEDLING,                      )   01A01-9708-CH-00421
                                            )
       Defendant/Appellant,                 )


## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE


## APPEAL FROM THE HUMPHREYS COUNTY CHANCERY COURT
## AT WAVERLY, TENNESSEE

## HONORABLE ALLEN W. WALLACE, JUDGE



William G. McCaskill, Jr., #12716
TAYLOR, PHILBIN, PIGUE, MARCHETTI & BENNETT, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203

Anthony L. Sanders, #2283
129 North Court Square
Waverly, Tennessee 37185
ATTORNEY FOR PLAINTIFFS/APPELLEES


Andrew B. Frazier, Jr.
116 East Main Street
P.O. Box 208
Camden, Tennessee 38320
ATTORNEY FOR DEFENDANT/APPELLANT



## AFFIRMED AND REMANDED



HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| **MICHAEL G. BINKLEY and wife,** | ) | |
| **MARTHA Y. BINKLEY, and ROBERT** | ) | |
| **A. JONES, SR., and wife, MARY EVELYN** | ) | |
| **JONES, and CHARLES H. CATHEY and** | ) | |
| **wife, MARY JUNE CATHEY,** | ) | |
| | ) | **Humphreys Chancery** |
| **Plaintiffs/Appellees,** | ) | **No. 24-001** |
| | ) | |
| **VS.** | ) | |
| | ) | **Appeal No.** |
| **RODNEY TREVOR MEDLING,** | ) | **01A01-9708-CH-00421** |
| | ) | |
| **Defendant/Appellant,** | ) | |

# O P I N I O N

The captioned defendant has appealed from a judgment of the Trial Court which reads in full as follows:

> This cause came on to be heard on this the 23rd day of July, 1997, before the Honorable Allen W. Wallace, Chancellor, upon stipulation of the parties, certified copies of various documents, statement of counsel, and upon the entire record. From all of which the Court finds that the Defendant improperly opened a cul-de-sac located on Timberland Drive, New Johnsonville, Tennessee, and Lot No. D-6 of the Countrywood Estates Subdivision, Section IV, and further that the Defendant violated the restrictions and protective covenants of Countrywood Estates Subdivision, Section IV, as a street or driveway to unrestricted and non-conforming adjoining property, and particularly the 11.7 acre tract that was purchased by the Defendant.
>
> The Court further finds that certain orders, including an injunction should issue against the Defendant.
>
> IT IS THEREFORE, ORDERED AND ADJUDGED as follows:
>
> 1. That the road or driveway presently located on Lot No. D-6 of the Countrywood Estates Subdivision, Section IV, and owned by the Defendant, be closed and the Defendant is hereby ordered to close the road and cul-de-sac.
>
> 2. That Defendant is further ordered to return the cul-de-sac and Lot No. D-6 of the Countrywood Estates Subdivision, Section IV, as nearly as practical to their original state.

3. That Defendant remove the gate and tile presently located on Lot No. D-6 of the Countrywood Estates Subdivision, Section IV.

4. That Defendant is hereby permanently enjoined from constructing, maintaining, and/or using Lot No. D-6 of the Countrywood Estates Subdivision, Section IV, as a roadway, driveway, access way, on or across the same, for the purpose of providing access, either ingress or egress, to any adjoining property.

5. That the Defendant is given sixty (60) days from July 23, 1997, to close the road located on Lot No. D-6 of the Countrywood Estates Subdivision, Section IV, to remove the gate and tile, and as such is reasonably possible, to restore the lot and cul-de-sac to the original state. That after sixty (60) days from July 23, 1997, should Defendant fail to complete any items ordered, Defendant shall pay into the Registry of this Court the sum of $500.00 per day until the items are completed.

6. Defendant shall not use this order in any way or manner to limit or restrict the subsequent orders of this Court in the case of *New Johnsonville Regional Planning Commission and The City of New Johnsonville, Tennessee v. Rodney Trevor Medling*, Humphreys County Chancery Court, Civil Action No. 23-370, and in particular shall not in any way or manner use this judgment to restrict or limit the prior order of this Court to remove the mobile home from the premises.

7. Defendant will pay the cost of this cause, for which execution may issue if necessary.

The defendant presents the following issue:

The only issue for review in this case is whether or not the judgment of the trial court is so restrictive as to violate the general law of the State of Tennessee.

The plaintiff presents the following issue:

1. Whether the evidence preponderates in support of the trial court's order that the driveway located on Lot No. D-6 be closed and the cul-de-sac returned to its original condition and further that the defendant should be enjoined from constructing, maintaining or using Lot No. D-6 as a roadway, driveway or access way, on or across the same for the purpose of providing access, ingress or engress to any adjoining property.

Plaintiffs/Appellees respectfully submit that a preponderance of the evidence does support the trial court's

decision with respect to this issue, and the trial court's ruling entered in this matter should be affirmed.

The brief of defendant states:

> Since there is no transcript of the evidence, the allegations of the complaint will be taken as admitted, along with the oral stipulation of the parties.

No oral stipulation of the parties is included in the appellate record. No answer of the defendant is found in the record. The record does contain a letter from the Trial Clerk to counsel for all parties reading as follows:

> Upon speaking by phone this week with Mr. Frazier, I am preparing to forward the record in the above referenced cause to the Court of Appeals. In order to insure that the proper record content is sent and that I comply with T.R.A.P. 24(a), I have listed below the filings that I intend to send. Please advise if you have any additions or objections to the list below.
>
> The record in this cause to be submitted to the Court of Appeals is as follows:
>
> (I)    Exhibits filed at July 23, 1997 hearing:
>
> Ex. 1, collective exhibit consisting of the following documents:
>
> > Handwritten Document of Relief Sought;
> > Restrictions and Protective Covenants of Countrywood Estates Subdivision 2nd Civil District New Johnsonville, TN;
> > Warranty Deed from Edward W. Lucas to Rodney T. Medling;
> > Complaint from Chancery Case No. 23-370;
> > Answer, Counter-Claim, and Cross-Complaint from Case No. 23-370;
> > Memorandum Opinion on Motion for Judgment on the Pleadings from Case No. 23-370;
> > Order entered in mb 52, pg 645 in Chancery Case No. 23-370.
>
> Ex. 2, collective exhibit consisting of photo album (58 photos)
>
> Ex. 3, consisting of six (6) photos
>
> (ii)    the following technical record:

-4-

(a) Complaint
(b) Motion to Dismiss
(c) Notice
(d) Motion to Set
(e) Judgment (entered 7/31/97 in mb52, pg 818)
(f) Notice of Appeal
(g) Appeal bond
(h) Motion by defendant filed 1/15/98
(I) Letter from Ms. Garton to Mr. Frazier setting Motion for 2/2/98
(j) Order (entered mb 54, pg 87; 2/9/98)
(k) Bill of Costs for Preparing Record

In addition, I will submit this letter along with copies of the attorneys responses to said letter.

There are no volumes of transcripts from the July 23, 1997 proceeding filed in this office to transfer to the Court of Appeals as of today.

If you should have any questions or if I can be of any assistance please let me know.

The record also contains the following response of defendant's counsel:

Dear Mr. Bullion:

This will acknowledge receipt of your letter and enclosures in regard to the above styled manner.

In light of the fact that my appeal is going to be on the technical record, and in light of the fact that I believe that the judgment in this case is inconsistent with the judgment in Case No. 23-370 and that judgment was also referred to in the Judge Wallace's memorandum, I would respectfully request that a certified copy of Judge Burch's memorandum opinion and the judgment in Case No. 23-370 be made an exhibit to Judge Wallace's memorandum opinion and judgment. If this is not possible, then I would request that you forward me a certified copy of the memorandum opinion and judgment in Case No. 23-370 so that I may properly file it as an exhibit to my brief and argument.

The record is authenticated by the following certificate:

**CERTIFICATE OF APPELLATE RECORD**

I, Michael S. Bullion, Clerk and Master of the Chancery Court of Humphreys County, Tennessee, do hereby certify that the following items herewith transmitted to the CIVIL COURT APPEALS are originals or true and correct copies of all or the designated papers on file in my office in the captioned case except for those papers filed in said cause

which are excluded from the appellate record pursuant to T.R.A.P. 24(a).

I.    Technical record attached to this certificate and consisting of 37 pages.

II.    Exhibits filed in my office on July 23, 1997 and authenticated by the Trial Judge or as provided by T.R.A.P. Rule 24(f) and described as follows:

> Ex. 1,  collective exhibit consisting of the following documents:
> Handwritten Document of Relief Sought;
> Restrictions and Protective Covenants of Countrywood Estates Subdivision 2nd Civil District New Johnsonville, TN;
> Warranty Deed from Edward W. Lucas to Rodney T. Medling;
> Complaint from Chancery Case No. 23-370;
> Answer, Counter-Claim, and Cross-Complaint from Case No. 23-370;
> Memorandum Opinion on Motion for Judgment on the Pleadings from Case No. 23-370;
> Order entered in mb 52, pg 645 in Chancery Case No. 23-370.
>
> Ex. 2,  collective exhibit consisting of photo album (58 photos)
> Ex. 3,  consisting of six (6) photos

III.    There has been no volumes of transcripts from the July 23, 1997 proceeding filed in this office as of today.

An envelope of purported exhibits accompanied the record received by this Court. None of said exhibits is marked filed by the Trial Clerk in the present case and none is authenticated by the signature of the Trial Judge. Some of said exhibits are marked filed in other suits against the defendant in this case, but none is marked filed in the present case. The unfiled, unauthenticated purported exhibits include a memorandum of the Trial Judge in a different case, but no memorandum of the Trial Judge in the present case.

The defendant appears to argue that plaintiff's complaint fails to state a claim for which relief can be granted, yet it is argued that exhibits and a stipulation were presented to the Trial

Court, and the judgment indicates that issues other than those presented by the complaint were heard and decided by consent of the parties. Such issues might be identified by the memorandum of the Trial Judge which is not available to this Court.

It might be argued that the allegations of the complaint were admitted by failure to answer, but the record contains no motion for default or order thereon. TRCP Rule 55.01.

It might be argued that the exhibits were considered without objection; but, without a transcript, this Court is without information as to whether objections were made and, if so, what rulings resulted. Moreover, it is a general rule that an exhibit must be identified and related to the lawsuit by testimony before it can be considered. Tennessee Rules of Evidence, Rule 901.

On appeal from this non jury judgment, the judgment of the Trial Court must be affirmed unless a prejudicial error of law appears in the record or the evidence preponderates against the determinative facts found by the Trial Judge. Neither ground for reversal is established by the record.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the defendant-appellant. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____

WILLIAM C. KOCH, JR., JUDGE